# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **TOWN OF GRUNDY INDUSTRIAL DEVELOPMENT AUTHORITY,** | ) ) ) ) | |
| Plaintiff, | ) | Case No. 1:14CV00031 |
| v. | ) ) ) | |
| **BIZZACK CONSTRUCTION, LLC, ET AL.,** | ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **DAWNEDA F. WILLIAMS, ET AL.,** | ) ) | |
| Plaintiffs, | ) ) | Case No. 1:14CV00032 |
| v. | ) ) ) | |
| **BIZZACK CONSTRUCTION, LLC, ET AL.,** | ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **GRUNDY NATIONAL BANK,** | ) ) | |
| Plaintiff, | ) | Case No. 1:14CV00034 |
| v. | ) ) ) | |
| **BIZZACK CONSTRUCTION, LLC, ET AL.,** | ) ) | |
| Defendants. | ) | |

# OPINION

*Benjamin A. Street, Pebbles D. Burgess, and Jason D. Gallagher, Street Law Firm, Grundy, Virginia, for Plaintiffs; Linda D. Frith, Sean C. Workowski, and Julie von Sternberg, Frith Anderson & Peake, P.C., Roanoke, Virginia, for Defendants Bizzack, Inc., and Bizzack Construction, LLC; Timothy W. McAfee, Timothy W. McAfee, P.L.L.C., Big Stone Gap, Virginia, for Defendant Mountain Energy Resources, Inc.*

In these three related cases removed from state court, the plaintiffs have moved to remand on the ground that this court lacks diversity subject-matter jurisdiction. While the defendants accept that there is not complete diversity, they contend that the sole nondiverse defendant was fraudulently joined and thus its citizenship may be disregarded. For the reasons that follow, I disagree and will grant the plaintiffs' motions to remand.

As alleged by the plaintiffs in each case, the Virginia Department of Transportation ("VDOT") contracted with defendant Bizzack, Inc. ("Bizzack") to perform excavation work for a public highway construction project called the Route 460 By-Pass Project, located in Buchanan County, Virginia. Buchanan County is mountainous and contains bituminous coal reserves, and the excavation involved coal extraction on various tracts of real estate in which the plaintiffs had ownership interests in the coal. The coal on each tract was removed, transported, and sold by Bizzack and Bizzack Construction, LLC, ("Bizzack Construction"), a related company, to the defendant Mountain Energy Resources, Inc., ("Mountain Energy"), as well as to other coal buyers.

The plaintiffs thereafter filed separate lawsuits in state court in Buchanan County, claiming that the removal and sale of the coal owned by them had been unlawful. While the suits allege separate ownership interests in the different tracts of land, the allegations and causes of action are substantially similar. They claim that Bizzack and Bizzack Construction had obtained no right to remove the coal in the course of the highway construction and that they had engaged in a conspiracy with others to injure the plaintiffs by taking and selling the coal. In separate counts, they assert causes of action for trespass, conversion, assumpsit, gross negligence, conspiracy, fraud, and constructive fraud. They seek millions of dollars in damages.

After the suits were filed in state court, Bizzack and Bizzack Contruction timely filed notices of removal in this court asserting federal subject-matter jurisdiction based upon diversity of citizenship and amount in controversy. *See* 28 U.S.C. §§ 1332(a), 1441(b). The plaintiffs are all citizens of Virginia. Bizzack and Bizzack Construction are citizens of other states,[1] but Mountain Energy, which consented to the removal, is indisputably a Virginia corporation with its principal

---

[1] Bizzack is a Kentucky corporation with its principal place of business in Kentucky. Bizzack Construction is a Kentucky limited liability company whose members are citizens of Kentucky or West Virginia.

place of business in Virginia.[2] The notices of removal all recited that "[i]t is the contention of [the Bizzack Defendants] that Mountain Energy Resources, Inc. has been fraudulently joined with the express purpose of defeating the court's jurisdiction and that no legal claim cognizable in the Commonwealth of Virginia lies against Mount [sic] Energy Resources, Inc." (Case No. 1:14CV00031, Notice of Removal ¶ 18; Case No. 1:14CV00032, Notice of Removal ¶ 16; Case No. 1:14CV00034, Notice of Removal ¶ 18.)

Following removal, the plaintiffs moved to remand, asserting that subject-matter jurisdiction did not exist because of the lack of complete diversity of citizenship and denying that Mountain Energy was fraudulently joined. The motions to remand have now been briefed and argued and are ripe for determination.[3]

A civil action brought in a state court "of which the district courts of the United States have original jurisdiction" may be removed to this court. 28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

---

[2] Brett Cool, an individual alleged to be a citizen of Kentucky, is also named a defendant in each case, but no appearance has been entered for him and it is asserted that he has not been properly served.

[3] Counsel for Bizzack and Bizzack Construction filed a surreply brief in letter form without first seeking leave of court, which I refused. Counsel then filed a motion for reconsideration in each case. I will grant the motions and I have considered the surreply, although it is not persuasive.

interests and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. 1332(a)(1). Such "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). The burden of establishing federal jurisdiction rests with the party seeking removal. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).

The doctrine of fraudulent joinder "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Fraudulent joinder exists if "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks and citation omitted). Because jurisdictional rules are intended to "direct judicial traffic" and "steer litigation to the proper forum with a minimum of preliminary fuss . . . , [t]o permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules." *Id.* at 425.

For these reasons, the standard for evaluating claims of fraudulent joinder "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* at 424. "Once the court identifies [a]

-5-

Case 1:14-cv-00032-JPJ-PMS   Document 33   Filed 08/19/14   Page 5 of 8   Pageid#: 510

glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Id.* at 426. As such, "fraudulent joinder is typically only found in cases of legal impossibility . . . ." *Flores v. Ethicon, Inc.*, 563 F. App'x 266, 269 (4th Cir. 2014) (unpublished).

As relevant here, the plaintiffs bring a claim for conversion against Mountain Energy. They contend that, "[w]ithout any right, title, or interest to the coal so removed, and without any notice to the [plaintiffs], Bizzack and Bizzack LLC willfully and wantonly carried away and sold the coal to Mountain Energy and other unknown buyers." (Case No. 1:14CV00031, Am. Compl. ¶ 31; Case No. 1:14CV00032, Am. Compl. ¶ 31; Case No. 1:14CV00034, Compl. ¶ 30.) The defendants assert that the plaintiffs cannot maintain a cause of action for conversion against Mountain Energy because certificates of take recorded by VDOT extinguished the plaintiffs' rights to possession and title to the coal removed. However, this argument goes "'to the merits of the action as an entirety, and not to the joinder; that is to say, it indicate[s] that the plaintiff[s'] case was ill founded as to all the defendants.'" *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 153 (1914)). The proper inquiry is not "whether those defendants could propound defenses to an otherwise valid cause of action," but instead "whether the plaintiff truly had a cause of action against the alleged sham defendants." *Ritchey*, 139 F.3d at 1318.

The defendants present an alternative argument that attacks the joinder of the nondiverse defendant but it is without merit. It is argued that Mountain Energy cannot be liable for conversion because there has been no allegation of facts showing that Mountain Energy acted other than in good faith in purchasing the coal from the Bizzack defendants and did so without notice of any dispute as to ownership. However,

> except for recovery of exemplary damages, [a] defendant's knowledge, intent, motive, mistake, and good faith are generally irrelevant [to the tort of conversion]. If one takes property which turns out to belong to another, his innocent intent will not shield him from making restitution or indemnity, for his well-meaning may not be allowed to deprive another of his own.

*Morissette v. United States*, 342 U.S. 246, 253-54 (1952) (comparing common law conversion to statutory "knowing" conversion); *see also Universal C.I.T. Credit Corp. v. Kaplan*, 92 S.E.2d 359, 365 (Va. 1956) ("A person who purchases personal property from one not authorized to sell the same may be held liable for conversion thereof, regardless of the fact that the purchaser was honestly mistaken, or acted innocently, in good faith, and without knowledge of the seller's right to make the sale.") (internal quotation marks and citation omitted). If the plaintiffs successfully prove the elements of conversion, Mountain Energy may be held

-7-

Case 1:14-cv-00032-JPJ-PMS   Document 33   Filed 08/19/14   Page 7 of 8   Pageid#: 512

liable even as a good faith purchaser for value. Therefore, there is at least a possibility of recovery against the nondiverse defendant.[4]

For these reasons, the defendants have not demonstrated that Mountain Energy was fraudulently joined. Accordingly, its nondiverse citizenship cannot be disregarded and diversity jurisdiction is not established. These cases will be remanded to state court by separate orders.

DATED: August 19, 2014

/s/ James P. Jones
United States District Judge

---

[4] Of course, I make no judgment on the merits of the plaintiffs' claims or the validity of the defenses to those claims. That determination is for the state court.